UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEDE TETSUBAYASHI,

    Plaintiff,

    v.

INDEED, INC., et al.,

    Defendants.

Case No. 25-cv-05049-RS

**ORDER GRANTING MOTION TO REMAND AND DENYING AS MOOT MOTION TO COMPEL ARBITRATION**

## I. INTRODUCTION

Plaintiff's Motion to Remand and Defendant's Motion to Compel Arbitration depend in the first instance on jurisdiction. Since Plaintiff's amended complaint properly adds claims against a new defendant who destroys diversity jurisdiction, jurisdiction is lacking. The Motion to Remand is granted and the Motion to Compel Arbitration is denied as moot.

## II. BACKGROUND

On April 28, 2025, Plaintiff Dr. Dédé Tetsubayashi filed a Complaint in Alameda County Superior Court based on alleged misconduct while working at Indeed, Inc. between June 2022 and August 2024. The Complaint seeks damages and declaratory and injunctive relief and asserts various state law causes of action under the Fair Employment and Housing Act ("FEHA") and California Labor Code § 1102.5 related to race, gender, and disability discrimination and harassment. On May 20, 2025 Defendant Indeed, Inc. ("Indeed") accepted service of Plaintiff's Complaint. On June 12, 2025 Defendant filed its Answer in state court. On June 13, 2025 Defendant filed Notice of Removal to federal court.

Seventeen days later, on June 30, 2025, Plaintiff filed her First Amended Complaint ("FAC") naming an individual Defendant, LaFawn Davis, and adding two causes of action against both Indeed and Davis, Intentional Infliction of Emotional Distress (IIED) and Negligent Infliction of Emotional Distress (NIED). The FAC alleged, upon information and belief, that Davis is a resident of Oakland, California. Dkt. No. 11 (FAC) at ¶ 3. Two weeks later, Plaintiff filed a Motion to Remand arguing that Davis's California residency destroys diversity jurisdiction. The Motion to Remand does not dispute that the amount in controversy exceeds $75,000 or Indeed's Delaware and Texas residencies. On July 29, 2025, Defendant Indeed filed a Motion to Compel Arbitration.

## III. DISCUSSION

Because Indeed's Motion to Remand challenges the subject matter jurisdiction of this Court, it must be addressed first. Removal was based originally on diversity jurisdiction, but Plaintiff's FAC amends the initial complaint and adds a defendant who destroys diversity.

### A. Legal Standards

Under Federal Rule of Civil Procedure 15, parties may amend their pleadings once as a matter of course, provided that amendment occurs within 21 days of service or, if the pleading is one to which a responsive pleading is required, within 21 days of service of that responsive pleading. Fed. R. Civ. P. 15(a)(1). Leave to amend shall be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a). "'This policy is to be applied with extreme liberality.'" *Eminence Capital, L.L.C. v. Aspeon, Inc*., 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc*., 244 F.3d 708, 712 (9th Cir. 2001)). "The party opposing amendment bears the burden of showing prejudice, unfair delay, bad faith, or futility of amendment." *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. ConocoPhillips Co*., 2009 WL 650730, at *2 (C.D. Cal. Mar. 12, 2009) (citing *Eminence Capital*, 316 F.3d at 1052; *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186-87 (9th Cir. 1987)).

When, after a case has been removed to federal court, amendment of pleadings "seeks to

join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). "[A]mendment under § 1447(e) is a less restrictive standard than for joinder under Fed. R. Civ. Proc. 19." *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1012 (N.D. Cal. 2000). *See also Trotman v. United Parcel Serv.*, 1996 WL 428333, at *1 (N.D. Cal. July 16, 1996) ("The legislative history of § 1447(e) makes clear that the section is intended to confer upon district courts broad discretion to allow amendment even where remand may result…. This discretion is broader than the more restrictive joinder rules set forth in FRCP 19 and 20 and applied in cases not involving removal…. The legislative history to § 1447(e) also suggests that it was intended to undermine the doctrine employed by some courts that amendments which destroyed diversity were to be viewed with suspicion.").

Notwithstanding the liberal standard for amendment under Rule 15 and the express authorization added by § 1447(e) to permit adding non-diverse parties, some courts continue to "scrutinize amendment more closely when the amendment will defeat diversity." *IBC Aviation Servs.*, 125 F. Supp. 2d at 1011. Up to six factors are typically considered: (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction;[1] (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the

---

[1] Both parties' arguments discuss fraudulent joinder. However, the fraudulent joinder analysis may be inapposite in the post-removal joinder inquiry. *See Pacheco v. Home Depot U.S.A., Inc*., No. 24-CV-05590-EKL, 2025 WL 314146, at *3 (N.D. Cal. Jan. 28, 2025). On the other hand, some district courts within the Ninth Circuit have taken another approach and "considered the issue of fraudulent joinder to be subsumed within the intent factor of a [28 U.S.C.] § 1447(e) analysis." *Milton v. Xerox Corporation*, No. C15-5618-BHS, 2016 WL 651130, at *3 n.2 (W.D. Wash. Feb. 18, 2016) (*citing Borden v. Allstate Ins. Co*., 589 F.3d 168, 171 (5th Cir. 2009)).; *see also Taylor v. Honeywell Corp.*, No. C 09-4947-SBA, 2010 WL 1881459, at *2 n.1 (N.D. Cal. May 10, 2010); *McDonald v. Forest Labs., Inc*., No. 13-CV-00819-YGR, 2013 WL 1949349, at *2 (N.D. Cal. May 9, 2013). Accordingly, to the extent fraudulent joinder should be considered post-removal, this Court will analyze the parties' fraudulent joinder arguments in the context of § 1447(e), as discussed below.

plaintiff. *Id.* While any of the factors may prove decisive, "none is an absolutely necessary condition for joinder*." Yang v. Swissport USA, Inc.*, No. C 09-03823-SI, 2010 WL 2680800, at *3 (N.D. Cal. July 6, 2010).

### B. Whether the Party is Needed for Adjudication

The allegations throughout the initial Complaint and FAC detail harassing conduct by Davis, Plaintiff's executive peer and later manager at Indeed. Although Indeed is already a defendant, Davis may be a necessary party because under California law an employer is not always liable for the actions of its employees. *See Farmers Ins. Group v. Cnty. of Santa Clara*, 906 P.2d 440, 449 (Cal. 1995) ("[A]n employer will not be held vicariously liable for an employee's malicious or tortious conduct if the employee substantially deviates from the employment duties for personal purposes."); *Wason v. Am. Int'l Grp., Inc.*, No. 09CV2752-LAB CAB, 2010 WL 1881067, at *4 (S.D. Cal. May 6, 2010) (citing *Fermino v. Fedco, Inc.*, 872 P.2d 559, 565-66 (Cal. 1994) ("If an action contravenes a fundamental public policy (e.g., discrimination, harassment, strike-breaking, termination for refusal to testify falsely), it cannot be viewed as a risk of employment or a normal part of the work relationship.").[2] Additionally, his exclusion could "lead to separate and redundant actions," which is generally sufficient to satisfy Rule 19. *IBC Aviation Servs.*, 125 F. Supp. 2d at 1011 (citing *Nat'l. Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 910 (9th Cir.1991)). More importantly, under the less restrictive joinder standard of 28 U.S.C. § 1447(e) the necessary party factor may be satisfied if a party is more than "tangentially related" to the claims. *See IBC Aviation Servs.*, 125 F. Supp. 2d at 1012; *Ghosh v. Bank of* Am., N.A.*,* No. 21-CV-09930-RS, 2022 WL 2902019, at *2 (N.D. Cal. July 22, 2022). Taking the allegations in the initial complaint and FAC as true, Davis is more than "tangentially related" to Plaintiff's cause of action.

### C. Statute of Limitations

The statute of limitations for intentional and negligent infliction of emotional distress is

---

[2] And, as Plaintiffs note, "[g]enerally, the issue of scope of employment is a question of fact." *Perez v. Van Groningen & Sons, Inc.*, 719 P.2d 676, 679 (Cal. 1986).

ORDER GRANTING REMAND
CASE NO. 25-cv-05049-RS
4

two years. *See* Cal. Code Civ. Proc. § 335.1. The most recent allegations for IIED occurred in 2024, so Plaintiff still could have the opportunity to obtain relief against Defendant Davis in state court if she was not joined in this matter.

### D. Unexplained Delay

Plaintiff did not delay unreasonably in amending her pleading seventeen days after the action was removed and within twenty-one days of Defendant's Answer as required by Rule 15. Nor is there any indication of unexplained delay per § 1447(e). *See IBC Aviation Servs.*, 125 F. Supp. 2d at 1012 (Plaintiff successfully sought to amend and join a non-diverse defendant twenty days after removal).

### E. Whether Joinder is Motivated Solely to Defeat Jurisdiction

The legislative history of 28 U.S.C. § 1447(e) makes clear that the purpose of § 1447(e) is to "take advantage of the opportunity opened by removal from a state court to permit remand if a plaintiff seeks to join a diversity-destroying defendant after removal." HR Rep No 889, 100th Cong, 2d Sess 72, reprinted in 1988 U.S.C.C.A.N. 6033. In other words, "it was intended to undermine the doctrine employed by some courts that amendments which destroyed diversity were to be viewed with suspicion." *IBC Aviation Servs.*, 125 F. Supp. 2d at 1012. *See also Dhawan v. Broadway Partners*, No. 13-cv-336-PJH, 2013 WL 1615854, at *2 (N.D. Cal. Apr. 15, 2013) ("The mere preference for one forum over another does not weigh in [a] section 1447(e) analysis.").

Nevertheless, to the extent a plaintiff's desire to destroy diversity should still weigh against allowing amendment under at least some circumstances, it does not persuade here. While Plaintiff gives no reason for her failure to include Davis in her original complaint, adding Davis as a Defendant allowed Plaintiff to include new IIED and NIED claims.[3] As noted above, under California law an employer is not always liable for the actions of its employees. *See Farmers Ins.*

---

[3] Plaintiff's allegations include that Davis met Plaintiff's repeated, monthly pleas to respond to harassment and discrimination with reprimand, gaslighting, unfounded performance criticism, unwelcome comments, demotion, stripping of her duties and staff, transference of Plaintiff to work under her, and finally termination.

*Group*, 11 Cal. 4th 992 at 1004–05. Even if Plaintiff is motivated by forum preference and that motivation were improper, Plaintiff demonstrates that is not her only reason for joining Davis as a defendant.

### F. Validity of Claims

Under 28 U.S.C. § 1447(e), the claims must "appear valid," which "is not the same standard at the standard in either a motion to dismiss or a motion for summary judgment." *See Sabag v. FCA US, LLC*, No. 16-cv-6639-CAS, 2016 WL 6581154, at *6 (C.D. Cal. Nov. 7, 2016). *See also Garcia v. Costco Wholesale Corp.*, No. 11-cv-8653-ODW, 2011 WL 6260358, at *2 (C.D. Cal. Dec. 15, 2011) (citing *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir.1998)) (To prove a sham defendant, the employer must show that the individual defendant "cannot be liable on any theory."); *Wason*, No. 09CV2752-LAB-CAB at *1 (citation omitted) ("The standard for remand is even more lenient than the standard for dismissal…: the removing party must show that the plaintiff has no 'cause of action against the resident defendant, and has no reasonable ground for supposing he has, and yet joins [her] in order to evade the jurisdiction of the federal court….'"). Notwithstanding Defendant's efforts to litigate the merits at this stage and to downplay Plaintiff's harassment and discrimination claims as mere "personnel management decisions," Dkt. 27 (Opp. To Motion for Remand) at 8, Plaintiff's IIED and NIED claims meet § 1447(e)'s validity bar. Under California law properly pled allegations of discrimination, harassment, and retaliation based on protected class can satisfy the elements of IIED. *See e.g., Fisher v. San Pedro Peninsula Hosp.*, 262 Cal. Rptr. 842, 858 (Cal. App. 2d Dist. 1989) ("[I]f properly pled, sexual harassment will constitute the outrageous behavior element of a cause of action for intentional infliction of emotional distress."); *Wason*, No. 09CV2752-LAB-CAB *8 (S.D. Cal. May 6, 2010) (Allegations of supervisor's interference with receipt of disability benefits was sufficient to establish supervisor, against whom IIED and NIED claims were brought, was not a sham defendant.).

### G. Whether Denial of Joinder Would Prejudice Plaintiff

Finally, denying the amendment would prejudice Plaintiff because it would require Plaintiff to choose between redundant litigation arising out of the same facts and involving the

same legal issues or foregoing its potential claims against Davis, while allowing amendment will not prejudice the Defendants as discovery has not yet begun. Furthermore, Defendants have other options to avoid an unwanted forum. They can move the state court to transfer venue. Alternatively, they can seek to invoke the arbitration clause.

## IV. CONCLUSION

Since Plaintiff's FAC alleges valid claims against Davis and, accordingly, her motives for the amendment are not solely to destroy diversity and the other factors generally do not weigh against allowing the amendment, Plaintiff's joinder will be permitted, diversity jurisdiction is destroyed, and the Motion to Remand is granted. *See* 28 U.S.C. § 1447(c), (e). The action is hereby remanded to Alameda County Superior Court. The merits of the Motion to Compel need not be reached, and the Motion to Compel is denied as moot.

**IT IS SO ORDERED**.

Dated:  September 5, 2025

_____
RICHARD SEEBORG
Chief United States District Judge